UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILFREDO GONZALEZ,

    Plaintiff,

v.                                     CASE NO.: 5:18-CV-00340-JSM-PRL

OCWEN LOAN SERVICING, LLC,

    Defendant.

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE**

COMES NOW, Plaintiff, Wilfredo Gonzalez, by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 30, 37, and Local Rule 3.04, and hereby respectfully requests that this Honorable Court grant his Motion to Compel Deposition of Defendant's Corporate Representative, and further request that Defendant be ordered to pay Plaintiff's reasonable attorney fees and costs incurred in bringing this Motion, and states the following in support thereof:

1. On July 3, 2018, Plaintiff filed a two-count *Complaint* [Doc. 1] alleging violations by Defendant of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA") and Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA"). An Amended Complaint was filed on September 13, 2018 [Doc. 17].

2. On August 14, 2018, Defendant filed its Motion to Dismiss challenging Plaintiff's TCPA claim based on ACA International v. FCC, 885 F.3d 687 (D.C. Cir. 2018).

3. On September 5, 2018, the Court ruled on the Motion to Dismiss [Doc. 11], granting in part and denying in part. Specifically ordering in Paragraph 2,

2. The parties are further ORDERED to include in their case management report a plan limiting discovery during the <u>first sixty (60) days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS</u>.

4. On September 19, 2018, Plaintiff requested a date from Defendant to conduct a 30(b)(6) deposition limited to the dialing equipment used to call Plaintiff's cell phone. (See Ex. A).

5. On September 20, 2018, Defendant's Counsel informed Plaintiff's Counsel that Defendant would "follow-up with Ocwen and get back to you as soon as I have a response." (See Ex. B).

6. Defendant's Counsel failed to provide a date for the 30(b)(6) deposition.

7. Plaintiff made four (4) additional attempts to secure a date for the 30(b)(6) deposition regarding the equipment used to call Plaintiff's Cell phone.  See, September 20, 2018 (See Ex. C); September 24, 2018 (See Ex. D); September 24, 2018 (See Ex. E); and September 25, 2018 (See Ex. F) via email.

8. Plaintiff again attempted to obtain a date for the 30(b)(6) deposition on two additional occasions by phone on September 24, 2018 at 3:30PM and September 25, 2018 .

9. During the September 25, 2018 phone call, Plaintiff and Defendant met and conferred in good faith in accordance with Federal Rules of Civil Procedure, Rule 37 (a)(1) and Local Rule 3.01(g) regarding a separate issue and discussed the extent of the areas of inquiry for the limited 30(b)(6) deposition.

10. Upon a request by Defendant's counsel, on September 26, 2018, Plaintiff served Defendant's Counsel with "Plaintiff's Notice of Taking Deposition of Ocwen Loan Servicing, LLC, Pursuant to Federal Rules of Civil Procedure 30(b)(6)," along with areas

of inquiry. The date and location were left blank in anticipation of receiving Defendant's availability. (See Ex. G).

11. On October 9, 2018, Plaintiff sent another two emails to Defendant's Counsel, attempting to secure a deposition date, to no avail. (See Ex. H)

12. On October 10, 2018 at 11:34AM, Plaintiff made an additional phone call to Defendant's Counsel and left a voice message indicating that if we did not hear back from her by 3:00PM today, Plaintiff would file a motion compelling dates or the deposition.

13. On October 10, 2018, Defendant provided Manuals, Policy and Procedures, and prior deposition transcript of Marc Trees, Corporate Representative in a different lawsuit.

14. After such production on October 10, 2018, Defendant's Counsel telephone called Plaintiff's Counsel and informed that they **would not** be providing dates for a 30(b)(6) deposition because the topics covered in Plaintiff's Notice of Deposition were covered in their recent Response to Plaintiff's Request for Production.

15. During the same call, Plaintiff's Counsel and Defendant's Counsel met and conferred again, according to Local Rule 3.01(g) regarding a motion to compel a limited 30(b)(6) deposition limited to the dialing equipment.

16. On October 11, 2018, Plaintiff's Counsel sent Defendant's Counsel an email, attempting to secure a 30(b)(6) date. (See Ex. I). Plaintiff's Counsel indicated

> Good morning Edrei. I just attempted to call you in a last attempt to secure a deposition date prior to Nov. 4, 2018. We are available ANY day and at ANY location for the deposition. We have reviewed the depositions you provided. The deposition of Don Hudecek gave us a general understanding of the Aspect system and some of its capacities. Mr. Hudecek was not able to provide many details about the specific system used by Ocwen to make the calls, but mostly the general options available under Aspect. Moving to the deposition transcript of Marc A. Trees, again very informative, but the main issues involved with an

        ATDS were not discussed. Trees deposition failed to describe each piece of software and whether any of such software would have the ability to randomly or sequentially generate numbers to be later uploaded into the dialer. <u>At no point during the Trees deposition, were random or sequentially generated numbers addressed</u>. We believe that "fictitious" or "phony" accounts can be generated with random or sequential numbers and then be uploaded into the dialer. I am giving you a detailed explanation to again avoid wasting the court's resources with a motion to compel. Please contact me as soon as possible as we intend to file our motion today.

17. On October 11, 2018 at 3:53PM Plaintiff received Defendant's "Objections to Plaintiff's Notice of Taking Deposition of Ocwen Loan Servicing, LLC Pursuant to Federal Rule of Civil Procedure 30(b)(6)," (See Ex. J) served on September 26, 2018. Defendant objected to every single area of inquiry, specifically

   1. Ocwen objects to Plaintiff's definition of the term "automatic telephone dialing system" following the D.C. Circuit's decision in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. Mar. 16, 2018), to the extent that it exceeds the statutory definition outlined in the TCPA at 47 U.S.C. § 227(a)(1), and to the extent that it implies the legal conclusion that Ocwen's dialing system is an "automatic telephone dialing system."

   2. Ocwen objects to Plaintiff's requests to the extent that they exceed the scope of the September 5, 2018 Order limiting discovery during the first sixty (60) days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS.

   3. Ocwen also objects to Plaintiff's notice because it is unreasonably cumulative, duplicative, and imposes an undue burden on Ocwen's corporate representatives. Federal Rule Civil Procedure 26(b)(2) permits a court to limit discovery if it concludes that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

       . . . .

## RESPONSES AND SPECIFIC OBJECTIONS TO EXHIBIT A - AREAS OF INQUIRY

1. Name, description and explanation of the telephone equipment used to contact the Plaintiff's cellular telephone during the relevant time frame. (If different equipment was used, please make sure the representative knows the different types of equipment and the methods used to dial the calls to the Plaintiff).

**OBJECTION**: Ocwen objects to Topic 1 as cumulative, duplicative, and unduly burdensome because it has produced all relevant Aspect dialer manuals and also has produced the Ocwen Deposition and the Aspect Deposition. Those depositions were conducted in lawsuits asserting the same or similar claims and involved the same Aspect system at issue in this case. These depositions explain and discuss Ocwen's dialing system(s) used to contact the Plaintiff in detail, including how the software works and fully cover the areas of inquiry in Topic One of Plaintiff's 30(b)(6) notice. Specifically, Mr. Trees discusses in great detail the interplay between ALM and UIP to generate lists of borrowers to be called and then to call those borrowers. Ocwen Transcript at page 57:7-68:22. Mr. Hudecek provided additional detail regarding ALM's ability to create the rules for how calls should be dialed and how those rules are transmitted to UIP to dial each number. Aspect Transcript at 27:23-28:25 and 33:5-9. Ocwen will not produce a witness to testify about Topic 1.

2. Name, description and explanation of the telephone equipment used to contact the Plaintiff, including the (current or future) capacity of the equipment to store or produce numbers to be called and what human intervention is/was needed for the system to find, place or record calls.

**OBJECTION:** Ocwen objects to Topic 2 as cumulative, duplicative, and unduly burdensome because it has produced all relevant Aspect dialer manuals and also has produced the Ocwen Transcript and Aspect Transcript and related exhibits. Those depositions were conducted in lawsuits asserting the same or similar claims and involved the same Aspect system at issue in this case. These depositions explain and discuss Ocwen's dialing system(s) used to contact the Plaintiff in detail, including how the software works and fully cover the areas of inquiry in Topic 2 of Plaintiff's 30(b)(6) notice. Specifically, Mr. Trees testified that human intervention is required in order to generate the lists of borrowers to be called and to (1) generate the campaign lists; (2)

scrub the lists to make sure that they are in good order; and (3) then assign the list to the dialer. Ocwen Transcript at 57-65. Mr. Hudecek further testified that UIP cannot determine how and when to place calls to certain phone numbers and that it relies on the rules programmed into ALM in order to determine when to place calls. Aspect Transcript at 83:3 -84:2. Ocwen will not produce a witness to testify about Topic 2.

3. Description and explanation of any random or sequential number dialers used by the Defendant when collecting debts. (Even if numbers are not randomly generated but using a Predictive dialer with customer numbers)

**OBJECTION**: Ocwen objects to Topic 3 because it is vague, ambiguous, and nonsensical because it requires Ocwen to produce a witness to describe and explain "any random or sequential number dialer used by [Ocwen] when collecting debts . . . even if [those] numbers are not randomly generated." Ocwen also objects to Topic 3 because it has produced all relevant Aspect dialer manuals and the Aspect Transcript and related exhibits that explain and discuss in detail the fact that the Aspect system is not capable of dialing randomly or sequentially. Specifically, Mr. Hudecek testified that the UIP system is not capable of dialing randomly or sequentially (Hudecek Transcript at 89:16-90:4) and further that while a customer of Aspect could technically sort the data such that calls are placed in a sequential order, most users would not choose to do so, because it does not optimize the potential for customer contact, and therefore most customers choose to use algorithms as opposed to sequential dialing in order to place calls. Aspect Transcript at 98:1 – 99. Ocwen will not produce a witness to testify about Topic 3.

4. Name, description and explanation of the equipment (hardware and/or software) that was used to store the account in question (including the cell number and other demographic information) prior to the selection of the account's cell phone number to be uploaded into a list/campaign to be transferred to the Aspect Dialer or any other dialer used. (software where demographics and account information is kept)

**OBJECTION**: Ocwen objects to Topic 4 as cumulative, duplicative, and unduly burdensome because it has produced the Ocwen Transcript and related exhibits. That deposition was conducted in a lawsuit asserting the same or similar claims and involved the same Ocwen system at issue in this case. The deposition discusses the Ocwen system that holds customer data and explains how data is transmitted to the dialing system(s) used

to contact the Plaintiff, including how the software works. The produced deposition fully covers all of the areas of inquiry in Topic Four of Plaintiff's 30(b)(6) notice. Specifically Mr. Trees described how Ocwen utilizes its proprietary loan servicing platform known as RealServicing in order to hold the loan level data and then transmit the data to ALM in text files in order to populate certain call campaigns. Ocwen Transcript at 53:2-25. Ocwen will not produce a witness to testify about Topic 4.

5. Name, description and explanation of the equipment (hardware and/or software) and/or mode or format used to upload the campaign/list (which would have included Plaintiff's cell phone number) into the Aspect Dialer or any other dialer used. (ie. Excel, CSV, etc.)

**OBJECTION**: Ocwen objects to Topic 5 as overly cumulative, duplicative, and unduly burdensome because it has produced all relevant Aspect dialer manuals and also has produced the Ocwen Transcript and Aspect Transcript and related exhibits. Those depositions were conducted in lawsuits asserting the same or similar claims and involved the same Aspect system at issue in this case. The depositions discuss the process used to upload call lists into the dialing system(s). The produced depositions fully cover all of the areas of inquiry in Topic 5 of Plaintiff's 30(b)(6) notice. Specifically, both Mr. Trees and Mr. Hudecek descried how the ALM system is used to generate the call campaign lists which are then programmed with rules in the ALM system. Ocwen Transcript and 57-65; Aspect Transcript at 27:23-28:25. Mr. Hudecek further described what the ALM system does with the information until UIP asks ALM to send numbers to it to place calls. Aspect Transcript at 33:5-9. Finally, Mr. Hudecek testified UIP and ALM are software programs that interact with various hardware, such as the telephony systems to place calls. Aspect Transcript at 23:16-24:1. Ocwen will not produce a witness to testify about Topic 5.

6. Name, description and explanation of the equipment (hardware and/or software, hereinafter "the system") that was used with regards to the account in question to select telephone numbers to be called (including, but not limited to, the Plaintiff's cellular telephone number). Please have an understanding of the system's capacity to be programmed to generate random or sequential numbers. Please also have an understanding of the system's capacity to store random or sequential numbers. Please have an understanding of the process that takes place once the numbers are generated, stored, and/or selected from a list of accounts, including, but not limited to, how such numbers are delivered or transmitted to outbound telephone lines.

**RESPONSE**: Ocwen objects to Topic 6 as cumulative, duplicative, and unduly burdensome because it has produced all relevant Aspect dialer manuals and also has produced the Aspect Transcript and related exhibits. That deposition was conducted in a lawsuit asserting the same or similar claims and involved the same Aspect system at issue in this case. The deposition discusses ALM's lack of capacity to store phone numbers associated with specific call campaigns. The produced deposition fully covers the areas of inquiry in Topic 6 of Plaintiff's 30(b)(6) notice. Specifically, Mr. Hudecek testified that although ALM has the capacity to store the rules regarding when and how to dial specific numbers as part of a given campaign, the numbers themselves cannot be stored in ALM from day to day. Aspect Transcript 46:1 47:18. Furthermore, UIP itself does not store or produce telephone numbers and only requests numbers to be dialed from ALM as agents become available to receive calls. Aspect Transcript at 33:5-9. Ocwen will not produce a witness to testify as to Topic 6.

7. Identify the method by which each phone call was placed to Plaintiff's cellular telephone by the Defendant (Manually or automatically dialed).

**OBJECTION**: Ocwen objects to Topic 7 as cumulative, duplicative, and unduly burdensome because it has produced to Plaintiff detailed call logs and comment logs identifying for each call the manner in which Plaintiff was contacted. The produced documents identify the mode in which certain calls were placed to Plaintiff's cellular telephone. These call logs fully cover the areas of inquiry in Topic 7 of Plaintiff's 30(b)(6) notice. Ocwen will not produce a witness to testify as to Topic 7.

8. Defendant's policy and procedures during the relevant time frame for using an automated telephone dialing system and/or predictive dialer to contact consumers with debts.

**OBJECTION**: Ocwen objects to Topic 8 because it exceeds the scope of the September 5, 2018 Order limiting discovery during the first sixty (60) days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS. Ocwen will not produce a witness to testify as to Topic 8.

9. During the relevant time frame, Defendant's policy and procedures for using an artificial voice to contact consumers in attempts to collect a debt.

**OBJECTION**: Ocwen objects to Topic 9 because it exceeds the scope of the September 5, 2018 Order limiting discovery during the first sixty (60) days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS. Ocwen will not produce a witness to testify as to Topic 9.

10. Defendant's policy and procedures for leaving prerecorded messages on consumers' cellular telephones in attempts to collect a debt.

**OBJECTION**: Ocwen objects to Topic 10 because it exceeds the scope of the September 5, 2018 Order limiting discovery during the first sixty (60) days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS. Ocwen will not produce a witness to testify as to Topic 10.

11. Defendant's answers to any Interrogatories served in this case. (Please make sure that representative has reviewed all answers to discovery requests)

**OBJECTION**: Ocwen objects to Topic 11 because it exceeds the scope of the September 5, 2018 Order limiting discovery during the first sixty (60) days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS. Ocwen also objects to Topic 11 as cumulative, duplicative, and unduly burdensome because Ocwen has served verified answers to Plaintiff's Interrogatories and Plaintiff has failed to identify any deficiencies in those responses or areas that require further testimony. Ocwen will not produce a witness to testify Topic 11.

12. Defendant's responses to any Requests for Production served in this case. (Please make sure that representative has reviewed all answers to discovery requests)

**OBJECTION**: Ocwen objects to Topic 12 as cumulative, duplicative, and unduly burdensome because Plaintiff has fully responded to the Requests for Production of Documents and Plaintiff has failed to identify any deficiencies in those responses or areas that require further testimony. Ocwen will not produce a witness to testify about Topic 12.

13. The recording ability of the equipment used to dial Plaintiff. The number of recordings in inbound/outbound calls to/from Plaintiff and the content of said recordings. The policies and procedures for maintain and storing said recordings in effect during the relevant time period.

>   **OBJECTION**: Ocwen objects to Topic 13 as cumulative, duplicative, and unduly burdensome because it has produced all relevant call recordings and also has produced the Ocwen transcript and related exhibits. That deposition was conducted in a lawsuit asserting the same or similar claims and involved the same Aspect system at issue in this case and fully addresses the areas of inquiry in Topic 13 of Plaintiff's 30(b)(6) notice. Specifically Mr. Trees testified that the neither ALM nor UIP is used to record calls to borrowers' telephones, and that such calls are recorded using the Verint technology, which receives information from Aspect but does not send any information to Aspect. Mr. Trees further testified that it is Ocwen's intention to record every call, but that for a variety of reasons 100% recording may not be possible, and that calls are kept for at least seven years. Ocwen Transcript at 92:21-96:15. Ocwen will not produce a witness to testify Topic 13.
>
>   14. The exact number of phone calls that were made from (812) 595-3818 by the Plaintiff to the Defendant during the relevant time frame.
>
>   **OBJECTION**: Ocwen objects to Topic 14 because it is beyond the scope of the Court's September 5, 2018 Order limiting discovery during the first sixty (60) days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS. Ocwen further objects to this Topic because Plaintiff has made no allegations about telephone number (812) 595-3818, and it is not at issue in this case. Ocwen will not produce a witness to testify as to Topic 14.
>
>   15. Name, description and explanation of the equipment (hardware and/or software, hereinafter "the system") that was used to call Plaintiff's telephone number. (ie; Aspect, Noble, etc).
>
>   **OBJECTION**: Ocwen objects to Topic 15 as duplicative of Topic 1 and incorporates by reference its objection to Topic 1. Ocwen will not produce a witness to testify about Topic 15.

18. More importantly, Defendant once again failed to provide any date for the 30(b)(6) deposition.

19. Defendant's Counsel and Plaintiff's Counsel are unable to agree on the resolution of the motion.

20. Accordingly, Plaintiff respectfully requests this Court compel Defendant to provide a date for the 30(b)(6) deposition, or in the alternative, unilaterally set the deposition any time before November 4, 2018.

21. Plaintiff respectfully requests a sixty (60) day extension to resolve the specific discovery issues relating to the capacities of the Defendant's telephonic dialing system it used to place phone calls to the Plaintiff. This additional time is necessary to obtain the appropriate discovery and allow sufficient time for Plaintiff's expert to make a report of his/her findings.

22. This Motion is made in good faith and not for the purpose of delay.

23. Plaintiff has filed his Memorandum of Law in Support of this Motion as a separate document.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order compelling the deposition of the Defendant's Corporate Representative, as well as any other relief the Court may deem just and appropriate.

Dated: October 11, 2018

Respectfully submitted,

*/s/ John C. Distasio*
John C. Distasio, Esquire
Florida Bar No.: 096328
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 257-0571
Primary Email: JDistasio@ForThePeople.com
Secondary Email:

                                        Cheyennereed@ForThePeople.com
                                        *Attorney for Plaintiff*