UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILFREDO GONZALEZ,**

    **Plaintiff,**

**v.**                                                                          Case No: 5:18-cv-340-Oc-30PRL

**OCWEN LOAN SERVICING, LLC**

    **Defendant.**

## ORDER

This case is before the Court for consideration of Defendant's motion to file documents under seal. (Doc. 37). Upon preliminary review, the Court observes that the motion lacks the certification required by Local Rule 3.01(g) and it is therefore due to be denied.

Local Rule 3.01(g) provides that "[b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc*., 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000

WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000). The Court expects counsel to comply with both the letter and spirt of Local Rule 3.01(g).

**DONE** and **ORDERED** in Ocala, Florida on November 27, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties