# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**WILFREDO GONZALEZ,**

      **Plaintiff,**

**v.**                                   **Case No: 5:18-cv-340-Oc-30PRL**

**OCWEN LOAN SERVICING, LLC**

      **Defendant.**

---

## ORDER

In this case, Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and related claims. Plaintiff has moved to compel the deposition of Defendant's corporate representative (Doc. 28). For the reasons explained below, Plaintiff's motion is due to be granted.

### I.      BACKGROUND

Plaintiff, Wilfredo Gonzalez, alleges that he received hundreds of calls from Defendant Ocwen Loan Servicing, LLC regarding an alleged debt. He further alleges that those calls were made using an automatic telephone dialing system ("ATDS" or "autodialer") or an artificial or prerecorded voice, and that the calls continued after Plaintiff revoked his consent to call his cell phone. Plaintiff's amended complaint contains two counts: (1) violations of the TCPA; and (2) violations of the Florida Consumer Collection Practices Act ("FCCPA"). (Doc. 17).

Indeed, as reflected in the Court's Order denying in part and granting in part Defendant's motion to dismiss (Doc. 11), critical and complex issues in this case include the definition of ATDS and whether the device used to call Plaintiff qualifies as an ATDS. To that end, the Court previously ordered that the parties should include in their case management report a plan limiting

discovery during the first 60 days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS. (Doc. 11). Soon thereafter, on September 10, 2018, the Case Management and Scheduling Order was entered and provides a discovery deadline of April 30, 2019. (Doc. 15).

## II.    LEGAL STANDARDS

Generally, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Under Rule 26, however, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc*., 758 F.2d 1486, 1505 (11th Cir.1985); *see also Moore v. Armour Pharm. Co*., 927 F.2d 1194, 1197 (11th Cir.1991) ("The trial court ... has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.").

## III.    DISCUSSION

Plaintiff moves to compel the deposition of Defendant's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff's motion outlines numerous attempts, both via email and telephone, to schedule such a deposition, beginning on September 29, 2018. (Doc. 28, p. 2). Ultimately, Plaintiff served Defendant with a notice of deposition, expressing that Plaintiff was agreeable to any date or location. Meanwhile, Defendant provided manuals, policy and procedures, and a prior transcript of Marc Trees, a corporate representative of Defendant in a different lawsuit. Defendant then communicated that it would not agree to the proposed 30(b)(6) deposition.

Plaintiff's notice of deposition sets forth numerous areas of inquiry including, in summary: (1) name, description, and explanation of the telephone equipment used to contact Plaintiff's cellular phone; (2) the current or future capacity of the equipment to store or produce numbers to be called and what human intervention is or was needed for the system to place or record calls; (3) description and explanation of random or sequential dialers used by Defendant when collecting debts; (4) name, description, and explanation of the equipment used to store the account in question; (5) name, description, and explanation of the equipment and/or mode or format used to upload the campaign/list which would have been used to call Plaintiff's cell phone; (6) name, description and explanation of the equipment that was used in regards to the account in question to select telephone numbers to be called; (7) the method by which each phone call was placed to Plaintiff's cellular phone; (8) Defendant's policy and procedures during the relevant time frame for using an automated telephone dialing system; (9) Defendant's policy and procedures for using an artificial voice to contact consumers; (10) Defendant's policy and procedures for leaving prerecorded messages on consumers' cellular telephones; (11) Defendant's answers to any interrogatories served in this case; (12) Defendant's responses to any requests for production; (13) the recording ability of the equipment used to dial Plaintiff; (14) the exact number of calls made by Plaintiff to Defendant during the relevant time frame; and (15) name, description and explanation of the equipment that was used to call Plaintiff's telephone number.

Defendant has objected to essentially all of these requests on the grounds that the testimony sought is "duplicative of evidence already provided by Ocwen or beyond the scope of the discovery the Court has ordered at this stage of the case." (Doc. 32, p. 1). Neither of these grounds are persuasive.

First, while Defendant correctly observes that the Court directed the parties to limit discovery within the first 60 days to the issue of whether the device Ocwen used to call Plaintiff qualifies as an ATDS, that time period has now passed. Going forward, the parties shall not be subject to that limitation in discovery. Indeed, each of the topics proposed by Plaintiff for the Rule 30(b)(6) deposition appears generally to be within the appropriate scope of discovery for this case.

Next, Defendant objects to the proposed deposition on the grounds that it would be duplicative and cumulative (and therefore unduly burdensome) of discovery already produced, such as user manuals and transcripts of 30(b)(6) depositions of Ocwen and the vendor of its dialing software, Aspect Software, Inc. Defendant states that it has offered to stipulate to the admissibility of the prior Rule 30(b)(6) testimony. (Doc. 32, p. 1). Ocwen's production of depositions *from other cases*, however, does not impact Plaintiff's entitlement to a 30(b)(6) deposition here. As Plaintiff argues (and Defendant concedes), the depositions provided were in other cases, and Plaintiff's counsel did not participate in any of the depositions. Further, Plaintiff has identified at least 12 topics relevant to the issue of whether Defendant's system qualifies as an ATDS that he contends were not adequately covered in the provided depositions. (Doc. 36, p. 2-3). Those topics include how the dialing campaign lists are created, in what format numbers are kept, can software used to store demographic information of consumers generate random or sequential numbers, and several others. Although the parties obviously dispute whether these and the other topics requested by Plaintiff were adequately covered in the provided depositions and manuals, the Court agrees that Plaintiff has the right to seek this information for himself based on the claims he has presented here. *See Requa v. C.B. Fleet Holding Co., Inc.*, No. 06 CV 01981 PSF MEH, 2007 WL 2221146, at *2 (D. Colo. July 31, 2007) (granting motion to compel Rule 30(b)(6) deposition despite defendant's designation of prior testimony).

Finally, although Plaintiff has not requested sanctions under Rule 37 (Docs. 28 & 36), the Court finds that they would nonetheless be unwarranted because Defendant's failure to participate in the proposed deposition was substantially justified by its objections which, although not ultimately persuasive, were made in good faith.

## IV.    CONCLUSION

Accordingly, upon due consideration, it is ordered that Plaintiff's motion to compel deposition of Defendant's corporate representative (Doc. 28) is **GRANTED**. The parties are directed to complete the deposition of Defendant's corporate representative no later than January 1, 2019.

**DONE** and **ORDERED** in Ocala, Florida on November 27, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties