# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**WILFREDO GONZALEZ,**

    Plaintiff,

v.                                                                                    Case No: 5:18-cv-340-Oc-30PRL

**OCWEN LOAN SERVICING, LLC**

    Defendant.

## ORDER

This case is before the Court for consideration of Defendant's motion to file documents under seal. (Doc. 37). Defendant moves for leave to file under seal portions of its Opposition to Plaintiff's Motion to Compel On-Site Inspection and to retroactively seal portions of its Opposition to Plaintiff's Motion to Compel 30(b)(6) Deposition. It also appears that Defendant requests that certain exhibits be sealed, including the 30(b)(6) Deposition of Marc Trees, Ocwen's Director of Dialer, Workforce Management and Skip Tracing, and the 30(b)(6) Deposition of Don Hudecek, Senior Product Manager at Aspect Software, Inc. Defendant's motion recites that Plaintiff opposes the relief sought.

Defendant contends that sealing the documents is warranted under the parties' stipulated protective order and Local Rule 1.09 because they are necessary to discovery matters before the Court and contain detailed information about inherently sensitive data. Defendant argues that the documents contain "detailed information regarding Ocwen's internal processes, software, and mortgage servicing procedures" and that publicly revealing the information would allow its competitors to gain an advantage.

The right of access to judicial records pursuant to common law is well established. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Thus, when parties request an order restricting access to pleadings and evidence filed with the court, such a request warrants heightened scrutiny. Indeed, when a request for filing under seal is made, Eleventh Circuit precedent setting forth the governing standard and the public's interests, as well as the requirements of Local Rule 1.09, should be addressed. *See U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 606-07 (1982); *Microlumen, Inc. v. Allegrati*, Case No. 8:07-cv-350-T-17TBM, 2007 WL 1247068 (M.D. Fla. April 30, 2007).

Upon a finding that Defendant has satisfied the requirements of Local Rule 1.09, Defendant's motion to file documents under steal (Doc. 37) is **GRANTED**. Defendant is directed to provide the documents to be sealed, as identified and listed in its motion, to the Clerk's Office, and the Clerk is directed to take all steps necessary to effectuate the filing of the documents under seal. The documents shall remain sealed during the pendency of this action, including on appeal, if applicable.

The parties are reminded that requests to seal documents warrant heightened scrutiny, and that they should make every effort to minimize such requests.

**DONE** and **ORDERED** in Ocala, Florida on November 28, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties