UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**WILFREDO GONZALEZ,**

    **Plaintiff,**

v.                                                                 Case No: 5:18-cv-340-Oc-30PRL

**OCWEN LOAN SERVICING, LLC**

    **Defendant.**

## ORDER

In this case, Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and related claims. Plaintiff has moved to compel an on-site inspection of Defendant's telephone dialing system (Doc. 35). Defendant has responded in opposition (Doc. 38), and Plaintiff has filed a reply (Doc. 46), to which Defendant filed a sur-reply (Doc. 49). Because Plaintiff has not satisfied the requirements for such an inspection under Fed. R. Civ. P. 34(b), and because Plaintiff has not made a sufficient showing to overcome Defendant's objections, Plaintiff's motion is due to be denied.

    **I.    BACKGROUND**

Plaintiff, Wilfredo Gonzalez, alleges that he received hundreds of calls from Defendant Ocwen Loan Servicing, LLC regarding an alleged debt. He further alleges that those calls were made using an automatic telephone dialing system ("ATDS" or "autodialer") or an artificial or prerecorded voice, and that the calls continued after Plaintiff revoked his consent to call his cellular phone. Plaintiff's amended complaint contains two counts: (1) violations of the TCPA; and (2) violations of the Florida Consumer Collection Practices Act ("FCCPA"). (Doc. 17). Indeed, as

reflected in the Court's Order denying in part and granting in part Defendant's motion to dismiss (Doc. 11), critical and complex issues in this case include the definition of ATDS and whether the device used to call Plaintiff was an ATDS.

## II. LEGAL STANDARDS

Generally, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Under Rule 26, however, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1505 (11th Cir.1985); see also *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir.1991) ("The trial court ... has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.").

## III. DISCUSSION

Plaintiff moves to compel an on-site inspection of Defendant's telephone dialing system. Plaintiff states that such an inspection pursuant to Fed. R. Civ. P. 34(a) is necessary because Plaintiff's burden of proof requires him to establish that the dialer system is an ATDS: "Plaintiff needs to inspect the system and to have his expert attempt to generate random or sequential telephone numbers to be uploaded into the dialer." (Doc. 35, p. 2). Defendant objects to the proposed inspection on numerous grounds, including that it is unnecessary and would be disruptive, and that it would be unreasonably cumulative. Defendant states that its system consists

of Aspect software, and that all relevant dialer manuals have been produced. Defendant also objects due to privacy concerns and risks associated with damaging its system or data.

More specifically, Defendant offers the declaration of Mark Trees, Director of Dialer and Workforce Management at Ocwen Loan Servicing, LLC. (Doc. 38-1). Trees states that Defendant uses Aspect Unified IP software to make and receive calls, and that the software "does not generate random or sequential phone numbers." (Doc. 38-1, ¶ 10). He further states that "inspection of the screen and subscreens through which Aspect operates will not provide any evidence regarding Aspect's ability to generate random or sequential phone numbers, because no such functionality exists." (Doc. 38-1, ¶ 10). Trees also states that the inspection would not be possible without disclosing personal, sensitive borrower information due to the interface between Aspect and the RealServicing system. (Tr. 38-1, ¶ 13). Finally, Trees states that inappropriate manipulation of Defendant's system "could endanger the integrity of the operating systems, software applications, and electronic files necessary for the software to function properly and for our company to perform some of its core business functions." (Tr. 38-1, ¶ 14). In short, Defendant's position is that such an inspection is unduly burdensome, unnecessary and futile because it has already produced factual information addressing the capabilities of the Aspect software and because it agrees it will not challenge Plaintiff's expert on the basis of failing to inspect the software.

Meanwhile, Plaintiff argues that, in at least one similar case, a plaintiff's expert report was excluded because the expert had not inspected and tested defendant's telephone dialing system. *Keyes v. Ocwen Loan Servicing, LLC*, 335 F. Supp. 3d 951 (E.D. Mich. 2018) (excluding expert report in TCPA case where plaintiff's expert "failed to test his expert theory by inspecting or testing the Aspect System with the specifications used by Ocwen," and finding the resulting expert testimony based on insufficient facts or data). And Plaintiff contends that the proposed inspection

would not pose risks of the sort contemplated by Defendant. Rather, Plaintiff proposes that a brief inspection by its expert could consist of access to a training mode, "safe mode," or "offline mode" (assuming the expert could still ascertain the information needed to formulate an opinion). Plaintiff states that the inspection would include only his expert and perhaps two attorneys. That said, Plaintiff concedes that he has "not identified a specific expert witness yet to conduct the inspection due to a few unknown certainties," including the location of the inspection, the availability of the expert and the scope of the inspection. (Doc. 46, p. 4). Consequently, Plaintiff is not able to state with greater certainty what the proposed inspection would entail, or what protections may be possible to protect against the legitimate concerns cited by Defendant.

For that reason, and given the evidence offered by Defendant regarding the capabilities of Aspect and the futility and risks of such an inspection, Plaintiff has not demonstrated that an inspection is warranted. Under Fed. R. Civ. P. 34, Plaintiff is required to describe with "reasonable particularity each item or category of items to be inspected," and "specify a reasonable time, place, and manner for the inspection and for performance of the related acts." Fed. R. Civ. P. 34(b). Plaintiff, however, readily admits that he has not yet identified an expert who might rebut Defendant's contentions about the futility of the proposed inspection, explain with particularity how an inspection may take place, and propose safeguards to address Defendant's concerns about the privacy and the integrity of its systems. Presumably, an appropriate technical expert might provide at least some of this information given the Aspect manual and deposition transcripts already produced.

While it is possible that Plaintiff could make a showing entitling him to conduct such an onsite inspection of Defendant's Aspect system, based on the evidence currently before the Court,

Plaintiff has failed to overcome Defendant's objections or demonstrate that an inspection is warranted. Consequently, Plaintiff's motion (Doc 35) is due to be denied.

## IV. CONCLUSION

Accordingly, upon due consideration, it is ordered that Plaintiff's motion to compel an onsite inspection of Defendant's telephone dialing system (Doc. 35) is **DENIED.**[1]

**DONE** and **ORDERED** in Ocala, Florida on December 19, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] If Plaintiff wishes to refile his motion, he may do so only after fully satisfying both the letter and spirit of Local Rule 3.01(g), and specifically and meaningfully discussing, either in person or via telephone each and every issue that remains in dispute in an effort to reach a resolution. Any future motion should comply with Fed. R. Civ. P. 34 and reflect a thoroughly considered proposal for the manner and scope of the inspection, including consideration by technical experts.